UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:20-CV-00105-DLB-EBA

IOKEPA K. KIPI,                                                                                          PLAINTIFF,

V.                                    **REPORT & RECOMMENDATION**

PATRICK HENDERSON, *et al.*,                                                              DEFENDANTS.

*** *** *** ***

This matter is before the Court on Defendants' Motion for Summary Judgment. [R. 38]. Kipi responded to the Motion, [R. 44],[1] and the matter is now ripe for review. For the reasons explained below, the undersigned will recommend that Defendants' Motion be granted.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Kipi's allegations are disjointed and difficult to understand at times and seem to center on two separate incidents that occurred on April 17, 2020, and April 24, 2020, during which he alleges that Sergeants Patrick Henderson and Cody Miller used excessive force against him.[2] [R. 1 at pgs. 5–9]. On April 17th Kipi refused to exit a shower and refused to "cuff up," which resulted in Defendants Henderson and Miller macing Kipi and forming a cell extraction team to subdue him. His left arm was fractured in the process. [*Id.* at pgs. 5–7]. Kipi alleges that Henderson provoked

---

[1] In his Response, Kipi also makes a "Motion for a Cross Motion," which appears to request a trial date for this matter and relief in the form of the restoration of Good Time Days and the expungement of these incidents from his disciplinary record. [R. 44 at pg. 6]. However, this motion contains very little, if any, support and therefore the undersigned will recommend that, to the extent this "Cross Motion" is before the Court, that it be denied.

[2] Defendants state that they tendered discs with videos of these incidents as an exhibit to their Motion. [R. 38-1 at pg. 2]. However, the attached discs record an incident that occurred on January 15, 2019, and do not show any video of the days or incidents in question. Therefore, the undersigned will not consider these videos when examining the issues associated with this motion.

him into not "cuffing up" by calling him names, kicking a shower door, and verbally threatening him while Henderson's incident report states that Kipi refused to exit the shower multiple times and that he attempted to use a plastic chair as a weapon, which resulted in the use of O.C. Vapor and an entry team to restrain Kipi. [*Id.* at pgs. 5–6; R. 38-2 at pg. 5]. Kipi was found guilty of a violent demonstration, and he was sanctioned with 30 days in segregation, with credit for time served, and a deduction of 90 Good Time Days. [R. 38-2 at pg. 3].

On April 24, 2020, Kipi alleges that he was again extracted from his cell after correctional officers made harassing and threatening comments toward him and that they wished to hurt him again after the April 17th incident. [R. 1 at pgs. 7–8]. He asserts that he requested to speak to the shift supervisor, but his requests were ignored, which resulted in him beating the door to his cell with a food tray and breaking the window in his cell by accident. [*Id.* at pg. 7]. Kipi avers the correctional officers then entered his cell to assault him and tase him several times despite his medical history of seizures. [*Id.* at pgs. 7–8]. The incident reports from this day indicate that Kipi broke the cell window and held a mattress to the cell's door to prevent staff from seeing in and that he failed to comply with the correctional officers' orders, which resulted in the use of OC spray and a team entering the cell to subdue him. [*See* R. 38-3]. Kipi then received further sanctions due to this incident. [R. 9 at pg. 4].

The only claims remaining for consideration are Kipi's claims for First Amendment retaliation and Eighth Amendment excessive against Defendants Henderson and Miller in their individual capacities. [*Id.* at pg. 12]. Defendants Miller and Henderson have now moved for summary judgment to dismiss these pending claims. [R. 38]. The Court directed Kipi to file a Response [R. 40; R. 43] and Kipi thereafter filed a responsive pleading. [R. 44].

## II. STANDARD OF REVIEW

Pursuant to FED. R. CIV. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). The Supreme Court has gone on to hold that "in the face of the defendant's properly supported motion for summary judgment, the plaintiff could not rest on his allegations of a conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint.'" *Id.* at 249 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290 (1968)). In other words, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252; *see also Bell v. Washington*, No. 22-2132, 2023 WL 6438597, at *3 (6th Cir. Sept. 29, 2023) ("Once the movant has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the summary-judgment motion.") (citation omitted)).

At this juncture in the case, the Court is usually required to view the facts in the light most favorable to the non-moving party, which can mean adopting that party's version of facts when it contradicts the moving party's version of events. *See Scott v. Harris*, 550 U.S. 372, 378 (2007). However, as the Supreme Court has acknowledged in the past, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.* at 380; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *Cities Services*, 391 U.S. at 289); *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 557 (6th Cir. 2003) ("While a court must draw all inferences in a light most favorable to the non-moving party, it may grant summary judgment if the record, taken as a whole, could not lead a rational trier of fact to find for that party.") (citation omitted). This is reflected in the FED. R. CIV. P. 56(e), which holds that the Court may grant summary judgment if a party "fails to properly address another party's assertion of fact as required by Rule 56(c)." For example, in *Scott* the Supreme Court held that the respondent's version of events was so discredited by the video tape of the events of the case that that the lower court "should have viewed the facts in the light depicted by the videotape." *Scott*, 550 U.S. at 380–81.

### III.  ANALYSIS

#### A.  EIGHTH AMENDMENT CLAIMS

Kipi has asserted Eighth Amendment excessive force claims against Defendants Henderson and Miller based on the incidents that occurred on April 17, 2020, and April 24, 2020. [R. 1 at pgs. 5–9]. As the Sixth Circuit has explained, the Eighth Amendment "regulates the force that prison guards use on prisoners, *see Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), the medical care that prison doctors provide prisoners, *see Estelle v. Gamble*, 429 U.S. 97, 102–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and the physical facilities in which prison administrators house them, *see Rhodes v. Chapman*, 452 U.S. 337, 345–47, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)." *Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023).

No matter the setting, however, "the ban on cruel and unusual punishments prohibits the 'unnecessary and wanton infliction of pain' on prisoners." *Id.* (citations omitted). To determine if

this ban has been violated, the plaintiff must demonstrate objective and subjective components. The objective element requires that "harm to a prisoner must rise to a sufficiently serious level because the Eighth Amendment prohibits only 'cruel and unusual' deprivations, not just uncomfortable or 'even harsh' ones." *Id.* (citations omitted). The subjective component requires that "harm to a prisoner must result from a prison official's sufficiently volitional actions because the Eighth Amendment bars only willful conduct that 'inflict[s]' 'punishment,' not accidental conduct that causes injury." *Id.* (citations omitted). While the nature of this test may vary depending on the action or inaction that harmed the prisoner, in the use-of-force context, "the Supreme Court has applied a more demanding subjective test but a more relaxed objective test." *Id.* at 615–16 (citing *Hudson v. McMillian*, 503 U.S. 1, 5–6 (1992)). Ultimately, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7.

      Kipi claims the Defendants used excessive force to subdue him on April 17, 2020, and April 24, 2020. [R. 1 at pgs. 5–9]. He claims that Defendants Miller and Henderson used excessive force by using a taser to subdue him despite his medical history of seizures, that Henderson provoked him by calling him names and kicking his shower door for suing other correctional officers, and verbally threatened him. [*Id.* at pgs. 5–7]. By his own admission, however, Kipi refused to "cuff up," which resulted in O.C. Vapor being deployed, a taser allegedly being used on Plaintiff, and an entry team being necessary to restrain him. [*Id.* at pgs. 6–7; R. 9 at pg. 3]. While Kipi's allegations that Henderson and Miller threatened and verbally accosted him could support the assertion that this force was done maliciously and to cause him harm, Plaintiff has presented no evidence beyond his own conclusory statements to support this argument and has conceded that he failed to follow the officers' instructions, which would justify the use of reasonable force to

restrain him. Further, as previously indicated, the incident reports from this event paint a different picture from the one Kipi asserts in his Complaint. The reports from the Defendants and other correctional officers on April 17th indicate that Kipi refused to come out of the shower and stated that he was ready to fight, which resulted in the officers using O.C. Vapor and an entry team to restrain Kipi. [*See* R. 38-2]. The incident reports do not indicate that a taser was used on Kipi. Likewise, nothing in the reports indicates that Henderson or Miller antagonized Kipi or provoked him.

Similarly, on April 24th, Kipi asserts that the correctional officers were harassing and threatening him and that he requested to speak to the shift supervisor, but these requests were ignored. [R. 1 at pg. 7]. Plaintiff then asserts that he beat the door with his food tray and accidentally broke the window in his cell, after which the officers used O.C. Vapor and a taser to restrain him. [*Id.* at pgs. 7–8]. The incident reports from the day do not mention anything about Kipi being verbally harassed or threatened but do mention that correctional officers were cut from broken glass from the window and provide photographic evidence of these injuries. [R. 38-3].

The issue for consideration is whether this is a ***genuine*** dispute of material fact that could lead the finder of fact to rule in Kipi's favor. Kipi has provided no proof beyond his own conclusory statements that the motive behind this use of force was improper. Further, Defendants have provided affirmative evidence refuting that contention. [*See* R. 38-2; 38-3]. Nothing has been presented that demonstrates that this dispute of fact between the parties is a genuine dispute that could lead the finder of fact to rule for Kipi. As Defendants assert, the force used against Kipi during both incidents appears to have been reasonable and necessary given the circumstances. [R. 38-1 at pg. 3]. Because Kipi's version of events and arguments are flatly contradicted by the record and his own statements appear to contradict themselves at times [*see* R. 44] and nothing substantive

has been presented to support his version of the facts,[3] the undersigned cannot say there is a genuine dispute of material fact or that Kipi has presented evidence to support the contention that the force used in these incidents was done maliciously or sadistically.[4] Therefore, the undersigned recommends that summary judgment be granted in favor of the Defendants on these claims.

    B. RETALIATION CLAIMS

Kipi also asserts that the incidents on April 17, 2020, and April 24, 2020, were done in retaliation for his filing a lawsuit against other correctional officers. [R. 1 at pg. 5]. However, much like his Eighth Amendment claims, Kipi has presented no evidence that the use of force against him during these incidents was not proper. Further, Kipi's only evidence that these incidents occurred because of his prior lawsuit is his assertion that the correctional officers mentioned the lawsuit when threatening him on April 17th. [*Id.*]. As previously mentioned, the incident reports from April 17th make no mention of these threats. [R. 38-2]. Further, nothing has been presented to indicate the force used on April 24th was unreasonable or done in retaliation against the Plaintiff. Kipi's claims are therefore contradicted by the record and no evidence has been presented to support his claims. Therefore, the undersigned must also recommend that summary judgment be granted in favor of the Defendants on these claims as well.

    C. DISCIPLINARY ACTIONS

As part of his relief, Kipi also seeks to have his disciplinary convictions related to the April

---

[3] In fact, Kipi himself does not even mention the April 17th incident in his Response to Defendants' Motion and has therefore completely failed to refute the Defendants' assertions on what occurred during that incident. [*See* R. 44].

[4] Because Kipi has not proven the subjective component of his Eighth Amendment claims, the undersigned need not discuss whether he can satisfy the objective component as well. However, for the same reasons mentioned above, Kipi has also failed to provide sufficient evidence that the level of force used against Kipi could be considered cruel and unusual under the objective test as well.

17, 2020, and April 24, 2020, incidents expunged. [R. 9 at pg. 5; R. 44 at pg. 6]. Based on his Complaint, Plaintiff appears to allege that his due process rights were violated when he received these disciplinary convictions. The Supreme Court has previously held that in the context of prison disciplinary hearings, due process is satisfied when the prisoner receives "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)). These same requirements are needed for due process under Kentucky law as well. *See White v. Boards-Bey*, 426 S.W.3d 569, 574 (Ky. 2014). Finally, the Supreme Court has held that the requirements of due process are satisfied if "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. 445 at 455–56 (citations omitted).

Here, Defendants point out that Kipi did not appeal the decision of the hearing officer to the Warden as required under prison policy. [R. 38-1 at pg. 5]. This failure to exhaust his administrative remedy through appealing the decision arguably precludes Plaintiff from litigating this issue now. *See Pers. Bd. v. Heck*, 725 S.W.2d 13, 17 (Ky. Ct. App. 1986). However, even if the Court were to disregard that, Defendants have presented evidence to support the findings of the disciplinary actions in this case. The incident reports and materials, including the statements from the correctional officers and photos of the injuries the officers suffered during the incident on the 24th, support the contention that there is evidence in the record to justify these findings and the disciplinary convictions. [*See* R. 38-2; R. 38-3]. This evidence indicates that the requirements of due process were satisfied and supports the disciplinary convictions. Therefore, the undersigned

must recommend that summary judgment be granted in favor of the Defendants on this issue as well.

## Conclusion

The undersigned RECOMMENDS that Defendants' Motion for Summary Judgment [R. 38] be GRANTED. Further, to the extent Plaintiff's Response [R. 44] moves for a Cross-Motion for a Trial date, the undersigned RECOMMENDS that Plaintiff's Cross-Motion [R. 44] be DENIED.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed January 17, 2024.



Signed By:
*Edward B. Atkins* EBA
**United States Magistrate Judge**